
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-17-301

| | |
|---|---|
| DAVID EUGENE LEWIS | Opinion Delivered: October 4, 2017 |
| APPELLANT | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, NORTHERN DISTRICT |
| V. | [NO. 01S-CR-04-250] |
| STATE OF ARKANSAS | HONORABLE DAVID G. HENRY, JUDGE |
| APPELLEE | |
| | AFFIRMED |

**DAVID M. GLOVER, Judge**

Appellant David Eugene Lewis was convicted of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver. He was sentenced to a cumulative term of 1200 months in prison. His convictions were affirmed by this court on direct appeal. *Lewis v. State*, 2010 Ark. App. 641.

Lewis filed a Rule 37 petition, which was denied except for the issue of jail-time credit; the circuit court reserved ruling on that issue in order to receive more information. On November 22, 2011, the circuit court issued a supplemental order granting Lewis a total of 1194 days' credit for the time spent in the Arkansas County Detention Center while awaiting trial, despite Lewis's contention he was entitled to 1298 days' credit. On appeal, our supreme court agreed with the circuit court's denial of relief, including the circuit

court's calculation of 1194 days' jail-time credit, and dismissed Lewis's appeal because it was clear Lewis could not prevail. *Lewis v. State*, 2013 Ark. 105.

On February 15, 2017, Lewis filed a motion for a nunc pro tunc order, arguing he was entitled to 1298 days' jail-time credit and asking for a nunc pro tunc order to correct the commitment order to accurately reflect the proper amount of days of jail-time credit. On February 16, 2017, the circuit court issued an order granting Lewis's request that an amended commitment order reflecting the correct amount of jail-time credit be entered but denying Lewis any jail-time credit beyond the 1194 days to which the circuit court had previously determined Lewis was entitled. An amended sentencing order was filed on February 22, 2017. On March 15, 2017, Lewis filed a motion for reconsideration and clarification of the February 16, 2017 order and for an evidentiary hearing, along with a notice of appeal.

On appeal, Lewis argues that the circuit court erred by failing to rule on his motion for reconsideration and clarification and for an evidentiary hearing, contending that the circuit court's failure to rule on his motion prevented him from seeking appellate review. Lewis asks our court to remand to the circuit court for an evidentiary hearing to determine the appropriate amount of jail-time credit. We affirm.

Lewis's jail-time credit has already been determined by the circuit court to be 1194 days, and this calculation was affirmed by our supreme court. *Lewis*, 2013 Ark. 105, at 6. Lewis is precluded by the law-of-the-case doctrine from raising this claim again, as this doctrine dictates "that an issue raised and concluded in a prior appeal decision may not be revisited in a subsequent appeal as the matter becomes res judicata." *Hill v. State*, 2010 Ark.

102, at 1. Furthermore, our court cannot overrule the Arkansas Supreme Court's precedent. *Moore v. State*, 2009 Ark. App. 863. Therefore, it is immaterial that the circuit court failed to rule on the motion for reconsideration and clarification of the supplemental order and for an evidentiary hearing. The circuit court's ruling is affirmed.

Affirmed.

VIRDEN and MURPHY, JJ., agree.

*David E. Lewis*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

SLIP OPINION